No. CR 10-00414 RMW         PVT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

FILED
2010 JUL 14  P 2: 37
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

### THE UNITED STATES OF AMERICA
*vs.*
### EVELYN SINENENG-SMITH

### SUPERSEDING INDICTMENT

*SEE ATTACHMENT*

*A true bill.*

_____
Foreperson

Filed in open court this __14__ day of __July__

A.D. 2010

_____
UNITED STATES MAGISTRATE JUDGE

Bail. $ _no process_

ATTACHMENT TO INDICTMENT COVER SHEET
CR 10-00414-RMW
U.S.
v.
EVELYN SINENENG-SMITH

**COUNTS ONE THROUGH THREE**:   Title 8, United States Code, Section 1324(a)(1)(A)(iv) & (B)(i) - Encouraging and Inducing Illegal Immigration for Private Financial Gain.

**COUNTS TWO THROUGH SIX**:  Title 18, United States Code, Section § 1341 - Mail Fraud

**COUNTS SEVEN AND EIGHT**:  Title 26, United States Code, Section 7206(1) - Willfully Subscribing to a False Tax Return.

**COUNT NINE AND TEN**:  Title 18, United States Code, Section 1957 - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity.

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

FILED

2010 JUL 14 P 2:37

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EVELYN SINENENG-SMITH,<br><br>　　　　Defendant. | No. CR 10-00414 RMW<br><br>VIOLATIONS: 8 U.S.C. §§ 1324(a)(1)(A)(iv) & (B)(i) - Encouraging and Inducing Illegal Immigration for Private Financial Gain; 18 U.S.C. §1341 - Mail Fraud; 26 U.S.C. § 7206(1) - Willfully Subscribing to a False Tax Return; 18 U.S.C. § 1957 - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; 18 U.S.C. § 982(a)(6)(A)(ii)(II) - Criminal Forfeiture of Facilitating Property; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture of Mail Fraud Proceeds; 18 U.S.C. § 982(a)(1) - Criminal Forfeiture of Money Laundering Proceeds<br><br>SAN JOSE VENUE |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

At all times relevant to this indictment:

　　1.　　From approximately 1990 until April 2008, Evelyn Sineneng-Smith ("Sineneng-Smith) owned and operated an immigration consultation business located at 1022 West Taylor Street in San Jose, California. She also had "store front" offices in Beverly Hills, California, La Jolla, California, Las Vegas, Nevada, and New York, New York.

**SUPERSEDING INDICTMENT**

2. As an immigration consultant, Sineneng-Smith counseled foreign nationals on applying for and obtaining employment-based visas in order for them to work in the residential health care industry.

3. The United States Citizenship and Immigration Services ("USCIS") is a government agency within the United States Department of Homeland Security that oversees lawful immigration to the United States.

4. An "alien" is any person who is not a citizen or national of the United States.

5. A "non-immigrant visa" provides an alien with a temporary stay in the United States, and an "immigrant visa" is issued for permanent residence in the United States.

6. Under United States immigration law, an alien can obtain an employment-based visa. An employer must first file an application, known as a Form ETA-750, with the United States Department of Labor ("USDOL") seeking to hire the alien. After USDOL approves the form, the employer can apply on the alien's behalf to obtain a visa number and file an application with USCIS called the I-140, Petition for Alien Worker. The petition is signed under penalty of perjury. The Department of State issues a limited number of visas annually, and if a visa for the employment-based visa category is available, an alien can file form I-485, Application to Register Permanent Residence or Adjust Status, to became a lawful permanent resident of the United States. This form is also signed under penalty of perjury.

7. In 1994, Congress enacted Section 245(i) of the Immigration and Naturalization Act, known as the Legal Immigration Family Equity Act ("LIFE Act"), which permitted certain aliens who were otherwise ineligible for adjustment of status to pay a penalty in order to adjust their status without leaving the United States. The LIFE Act temporarily extended the ability of certain aliens to adjust their status until April 30, 2001. Therefore, in order for an alien to adjust his status under Section 245(i), he must be the beneficiary of a qualifying immigrant visa petition or application for labor certification that was filed on or before April 30, 2001 and meet statutory and regulatory requirements. The LIFE Act was previously limited to eligible aliens who filed applications on or before January 14, 1998.

//

**SUPERSEDING INDICTMENT**             2

COUNTS ONE THROUGH THREE: (8 U.S.C. § 1324(a)(1)(A)(iv) & (B)(i) - Encouraging and Inducing Illegal Immigration for Private Financial Gain)

8. The factual allegations contained in Paragraphs One through Seven are realleged and incorporated herein by reference as if set forth in full.

9. On or about on the dates set forth below, in the Northern District of California, the defendant,

EVELYN SINENENG-SMITH,

identified in the counts below, for the purpose of private financial gain, did encourage and induce an alien to reside in the United States, knowing and in reckless disregard of the fact that such residence in the United States was in violation of the law:

| COUNT | RETAINER AGREEMENT | ALIEN'S INITIALS | ALIEN'S ADMISSION NUMBER (I-94) |
|---|---|---|---|
| ONE | June 5, 2005 | O.G. | XXXXXX0310 |
| TWO | May 5, 2007 | A.G. | XXXXXX6809 |
| THREE | June 18, 2007 | H.E. | XXXXXX9809 |

All in violation of Title 8, United States Code, Sections 1324(a)(1(A)(iv) and (B)(i).

COUNTS FOUR THROUGH SIX: (18 U.S.C. § 1341 - Mail Fraud)

10. The factual allegations contained in Paragraphs One through Nine are realleged and incorporated herein by reference as if set forth in full.

11. It was part of the scheme and artifice to defraud that Sineneng-Smith counseled foreign nationals, most of whom entered the United States on visitor's visas from the Philippines, to apply for a Department of Labor Foreign Labor Certification in order to work in residential health care facilities.

12. It was part of the scheme and artifice to defraud that Sineneng-Smith entered into contracts known as "Retainer Agreement For Professional Services" with foreign nationals and their employers to file, among other documents, applications for a Foreign Labor Certification with the DOL, and an I-140, Petition for Alien Worker, with CIS. Sineneng-Smith charged approximately $5,900.00 for the filing of an application for a Foreign Labor Certification with

SUPERSEDING INDICTMENT                3

the DOL, and $900.00 for the filing of the I-140 form with CIS.

13. It was part of the scheme and artifice to defraud that Sineneng-Smith promoted DOL's labor certification program as a way for foreign nationals to obtain a permanent resident employment-based visa, all the while knowing full well that foreign nationals who did not file petitions with DOL or CIS before April 30, 2001 and met certain regulatory and statutory criteria, were not eligible to obtain an employment-based visas. Sineneng-Smith knew that her clients overstayed the amount of time that they were allowed to be in the United States and worked illegally at various heath care facilities.

14. It was further part of the scheme and artifice to defraud that Sineneng-Smith gave her clients a document, entitled "Prayer for Your Mercy & Leniency" addressed to state and federal government agencies. The document, which contained Sineneng-Smith's signature, stated that the alien who possessed it was applying for a Department of Labor Foreign Labor Certification, and requested the government official exercise his discretion to allow the alien to remain in the United States during the processing of application. The bottom of the letter listed an expiration date.

15. On or about on the dates listed in the counts below, in the Northern District of California and elsewhere, the defendant,

EVELYN SINENENG-SMITH,

having devised and intending to devise a scheme and artifice to defraud and obtain money by means of materially false and fraudulent pretenses, representations, and promises, as described above, and for the purpose of executing said scheme and artifice and attempting so to do, knowingly deposited and caused to be deposited to be sent and delivered by the United States Postal Service the following documents:

| COUNT | DATE | DOCUMENT | MAILED FROM | MAILED TO |
|---|---|---|---|---|
| FOUR | December 2, 2005 | Letter from Sineneng-Smith transmitting Department of Labor Application for Permanent Employment Certification for client O.G. | San Jose, CA | Chicago, IL |

**SUPERSEDING INDICTMENT**         4

| | | | | |
|---|---|---|---|---|
| FIVE | July 12, 2007 | Letter signed by Sineneng-Smith accompanying Form I-140, Immigrant Petition for Alien Worker, on behalf of client A.G. | San Jose, CA | Lincoln, NE |
| SIX | October 22, 2007 | Letter to client H.E. from Sineneng-Smith entitled "Prayer for Your Mercy & Leniency on behalf of H.E." | San Jose, CA | Soquel, CA |

All in violation of Title 18, United States Code, Section 1341.

COUNT SEVEN: (26 U.S.C. § 7206(1) - Willfully Subscribing to a False Tax Return)

16. On or about June 25, 2003, in the Northern District of California, the defendant,

EVELYN SINENENG-SMITH,

then a resident of San Jose, California, did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040 (married filing separately) for the tax year 2002, which was verified by a written declaration that it was made under penalties of perjury, and was filed with the Internal Revenue Service, which said U.S. Individual Income Tax Return she did not believe to be true and correct as to every material matter in that the said U.S. Individual Income Tax Return reported gross receipts on Line 1 of Schedule C of the return to be $749,020.00, whereas as she then and there well knew and believed, the gross receipts for her immigration services for the 2002 tax year were greater than the amount reported.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT EIGHT: (26 U.S.C. § 7206(1) - Willfully Subscribing to a False Tax Return)

17. On or about October 15, 2004, in the Northern District of California, the defendant,

EVELYN SINENENG-SMITH,

then a resident of San Jose, California, did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040 (married filing separately) for the tax year 2003, which was verified by a written declaration that it was made under penalties of perjury, and was filed with the Internal Revenue Service, which said U.S. Individual Income Tax Return she did not believe to be true and correct as to every material matter in that the said U.S. Individual Income Tax

SUPERSEDING INDICTMENT          5

Return reported gross receipts on Line 1 of Schedule C of the return to be $883,758.00, whereas as she then and there well knew and believed, the gross receipts for her immigration services for the 2003 tax year were greater than the amount reported.

All in violation of Title 26, United States Code, Section 7206(1).

<u>COUNTS NINE THROUGH TEN</u>: (18 U.S.C. § 1957 - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

18. The factual allegations contained in Paragraphs One through Seven and Counts One through Three are realleged and incorporated herein by reference as if set forth in full.

19. On or about on the dates listed in the counts below, in the Northern District of California, the defendant,

EVELYN SINENENG-SMITH,

identified in the counts below, did knowingly engage and attempt to engage in the following monetary transactions by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, encouraging and inducing illegal immigration for purposes of private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv) and (B)(i);

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| NINE | 7/15/2005 | Bank of America Check No. 5966, in the amount of $37,500.00, made payable to First American Title Company |
| TEN | 7/11/2006 | Bank of America Check No. 7149, in the amount of $57,500.00 made payable to First American Title Company |

All in violation of Title 18, United States Code, Section 1957.

<u>CRIMINAL FORFEITURE ALLEGATION ONE</u>: (18 U.S.C. § 982(a)(6)(A)(ii)(II) - Criminal Forfeiture of Facilitating Property)

20. The allegations contained in Paragraphs One through Seven and Counts One through Three are hereby realleged for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii)(II).

21. Pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii)(II), upon conviction of an offense in violation of Title 18, United States Code, Sections 1324(a)(1)(A)(iv)

SUPERSEDING INDICTMENT 6

and (B)(i), the defendant, Evelyn Sineneng-Smith, shall forfeit to the United States of America any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense of which the defendant is convicted, any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the defendant is convicted, and any property, real or personal, used to facilitate or intended to be used to facilitate the commission of the offense of which the defendant is convicted. The property to be forfeited includes, but is not limited to, the following: 1022 Taylor Street, San Jose, California 95126.

22. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

<u>CRIMINAL FORFEITURE ALLEGATION TWO</u>: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture of Mail Fraud Proceeds)

23. The allegations contained in Paragraphs One through Seven and Counts Four through Six of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

24. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1341, set forth in Counts Four through Six of this Indictment, the defendant, Evelyn Sineneng-Smith, shall forfeit to the United States of America, pursuant to Title 18, United States

**SUPERSEDING INDICTMENT**       7

Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including:

    a.    a sum of money equal to the total amount of proceeds the defendant obtained or derived from, directly or indirectly, from the violation.

25. If any property, real or personal, involved in the offense, and any property traceable to such property involved the offense, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

<u>CRIMINAL FORFEITURE ALLEGATION THREE</u>: (18 U.S.C. § 982(a)(1) - Criminal Forfeiture of Money Laundering Proceeds)

26. The allegations contained in Paragraphs One through Seven and Counts Nine and Ten of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

27. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, the defendant, Evelyn Sineneng-Smith, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

28. If any property, real or personal, involved in the offense, and any property traceable to such property involved the offense, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

SUPERSEDING INDICTMENT         8

|   |   |   |
|---|---|---|
| 1 | b. | has been transferred or sold to, or deposited with, a third party; |
| 2 | c. | has been placed beyond the jurisdiction of the court; |
| 3 | d. | has been substantially diminished in value; or |
| 4 | e. | has been commingled with other property which cannot be divided |
| 5 |   | without difficulty, |

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

DATED: 7/14/10

A TRUE BILL.

_____
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

_____
MATTHEW A. PARRELLA
Chief, CHIP Unit

(Approved as to form: _____
AUSA KNIGHT

**SUPERSEDING INDICTMENT**        9

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☒ SUPERSEDING

**OFFENSE CHARGED**

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHMENT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FILED
2010 JUL 14 PM 2:38

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

**DEFENDANT - U.S**
▶ EVELYN SINENENG-SMITH

DISTRICT COURT NUMBER
CR 10 00414 RMW

PVT

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

CR 10 00414

Name and Office of Person Furnishing Information on this form  JOSPEH P. RUSSONIELLO
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  SUSAN F. KNIGHT

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction     } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   } If "Yes" give date filed
been filed?   ☐ No

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

ATTACHMENT TO PENALTY SHEET
CR 10-00414-RMW
U.S.
v.
EVELYN SINENENG-SMITH

**COUNTS ONE THROUGH THREE**: Title 8, United States Code, Section 1324(a)(1)(A)(iv) & (B)(i) - Encouraging and Inducing Illegal Immigration for Private Financial Gain.

> Penalties:    10 years imprisonment;
> $250,000 fine;
> 3 years supervised release;
> $100 special assessment.

**COUNTS TWO THROUGH SIX**: Title 18, United States Code, Section § 1341 - Mail Fraud

> Penalties:    20 years imprisonment;
> $250,000 fine;
> 3 years supervised release;
> $100 special assessment.

**COUNTS SEVEN AND EIGHT**: Title 26, United States Code, Section 7206(1) - Willfully Subscribing to a False Tax Return.

> Penalties:    3 years imprisonment;
> $100,000 fine;
> 1 year supervised release;
> $100 special assessment and cost of prosecution.

**COUNT NINE AND TEN**: Title 18, United States Code, Section 1957 - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity.

> Penalties:    10 years imprisonment
> and/or fine of twice the criminally derived proceeds
> 3 years supervised release
> $100 special assessment